## No. 6102.

SUCCESSION OF MARX SCHONBERG.   OPPOSITION OF SCHNEIDER & ZUBERBIER.

The only question in this case is one of law, and it is whether the tolls received from Schonberg's ferry across the Lafourche at Donaldsonville, since his death, are liable for the payment of his debt to opponents.

The motion to dismiss the appeal must be denied, on the ground that, under the written agreement of the parties in the record, the inquiry being limited to a simple question of law, it is immaterial whether or not the clerk has certified that the transcript contains all the evidence adduced; and, besides, the insufficiency of the clerk's certificate is attributable to him, and not to the appellants.

The funds in the hands of the administrator arising from the earnings of the ferry, belonging to the estate of the deceased, are certainly liable for his debts.

APPEAL from the Parish Court, parish of Ascension. *Maher, J. A. B. Phillips* and *R. Beauvais,* for opponents and appellants. *R. N. Sims,* for administrator and appellee.

WYLY, J.  In the trial of the opposition of Schneider & Zuberbier to the final account of the administrator of the succession of Marx Schonberg, by agreement of parties the only question to be decided by the court was a question of law, to wit: whether the tolls received from the ferry across the Lafourche at Donaldsonville, belonging to the deceased, since his death are liable for the payment of his debt to said opponents.

The court came to the conclusion that the money received from the ferry since the death of Marx Schonberg belongs to the heirs and can not be applied to the payment of the debts of the deceased, on the theory that the right to keep the ferry, under act sixteen, of the acts of 1870, was personal, and said statute designated the heirs as the persons who should keep the ferry after the death of their father.

The court rejected, therefore, the demand of opponents, ordered the homologation of the final account, and the cancellation of the bond of the administrator.   The opponents have appealed.

The appellee moves to dismiss this appeal because the clerk's certificate does not state that the transcript contains all the evidence adduced, and also because all the heirs have not been cited.   This motion must be denied—

First—Because under the written agreement in the record the inquiry is limited to a single question of law, and whether all the evidence be adduced or not is immaterial; besides, the insufficiency of this certificate is attributed to the clerk and not to appellants.

Second—The heirs are not necessary parties in the trial of this opposition to the final account of the administrator ; besides, they have been made parties to this appeal.

On the merits the case is clearly with the appellants. By succession the heirs succeed to the rights and liabilities of the deceased. Act sixteen of the acts of 1870 granted to Marx Schonberg and William Murrell, their heirs and assigns, the exclusive right of keeping a ferry across the Lafourche at Donaldsonville for twenty years ; and Schonberg subsequently bought out Murrell. The statute clearly authorized the sale of the ferry privilege, and, whether it did or not, the funds in the hands of the administrator arising from the earnings of said ferry are certainly liable for the payment of the debts of the deceased.

It is therefore ordered that the judgment appealed from be amended, so as to require the claim of the opponents, Schneider & Zuberbier, to be paid out of the funds in the hands of the administrator arising from the earnings of the ferry belonging to the deceased, and, as amended, it is ordered that it be affirmed, appellee paying costs of appeal.